## In re HARBEN.

Findings of a referee on conflicting testimony will not be disturbed on appeal, unless clearly against the evidence.

Evidence **held** to show that an attorney attempted to corrupt a witness in a case which the attorney was defending, warranting his disbarment.

(Opinion filed January 25, 1911.)

Petition to disbar G. P. Harben. Accused disbarred.

*E. P. Wanzer,* for Supreme Court. *Ambrose B. Beck* and *J. E. Tipton,* for accuser. *French & Orvis* and *G. M. Caster,* for accused.

McCOY, J. Petition having been filed by one George L. Kirk, accusing G. P. Harben, an attorney of this court, of conduct unbecoming an attorney, and praying that by reason thereof the said Harben be disbarred from practice in the courts of this state, and that his name be stricken from the roll of attorneys, a referee was appointed to hear and determine such charges and make findings of fact and conclusions of law thereon and report the same, together with the evidence, to this court for judgment.

An attorney was appointed to investigate and prosecute such charges on behalf of this court. The petition contained 15 specific and distinct charges of misconduct. On the trial many of the charges contained in the petition were abandoned by the accusers and no findings thereon were made by the referee. On all the other charges not abandoned the referee made findings and conclusions generally favorable to the accused. The prosecution now moves for judgment against the accused upon the evidence submitted and reported notwithstanding the findings of the referee. In a long line of decisions this court has uniformly held that findings of a referee based on conflicting testimony will not be disturbed unless there is a clear preponderance of the evidence against the finding. With the exception of one finding, we are of the opinion that the conclusions of the referee should not be disturbed, and it will serve no useful purpose to further refer to such findings and conclusions herein.

The thirteenth specified charge against the accused, in substance, is: "That on or about the 20th day of January, 1907, there was a criminal action pending in the circuit court, in and for Charles Mix county, wherein the state of South Dakota was plaintiff and John Ham was defendant; that in said action the said defendant was charged with the crime of grand larceny, and one Peter Roy was an important witness for the state, and had been subpœnaed as such witness in that behalf, and was then in attendance at a term of such court; that said case was about to be brought on for trial at Platte in said county at about said date; that said G. P. Harben arranged a meeting at his office in Platte between said witness and said defendant; and that said defendant then and there, with the knowledge and consent and acquiescence of the said G. P. Harben, drew a check for $500 and placed the same in the hands of G. P. Harben, who agreed to hold said check pending the trial of said action, and then and there stating, in substance, that if the said witness would assist said defendant by giving false testimony in said criminal action then pending, as aforesaid, that would clear the defendant of said charge, then he, the said G. P. Harben, would turn over to said

witness the said check, then and there aiding and abetting the said defendant in attempting to bribe and corrupt the said witness and induce him to swear falsely in the matter as hereinbefore stated."

The referee made the following findings of fact and conclusions of law as to the thirteenth charge or count contained in the petition: "That on or about the 20th day of January, 1907, there was a criminal action pending in the circuit court in and for Charles Mix county, S. D., wherein the state of South Dakota was plaintiff and John Ham was defendant. That in said action the said defendant, John Ham, was charged with the crime of grand larceny, and one Peter Roy was an important witness for the state, and had been subpœnead as such witness in that behalf. That said Peter Roy was in attendance at a term of such court, at which said case of state of South Dakota versus John Ham was about to be brought on for trial at Platte, in said county of Charles Mix, at about January 20, 1907. That, on the evening before the commencement of said term of said court, G. P. Harben, the accused, was in his office at Platte when Peter Roy and son James came into the office of said G. P. Harben. The said G. P. Harben went out and brought John Ham to the office with him. There was a conversation between the parties present. John Ham and Peter Roy went into the room back of the office and remained there some time. When they returned to the office, G. P. Harben handed John Ham a checkbook that had been sent to G. P. Harben for said John Ham. John Ham took the wrapper off the checkbook, and, after some conversation, drew a check for $150 in favor of G. P. Harben, in payment for the services said G. P. Harben had rendered said John Ham. That I find that the check for $150 was the only check that was drawn that evening in G. P. Harben's office. That I find that there was not a check drawn for the sum of $500 that evening by John Ham in said office, in favor of Peter Roy, and that the said John Ham did not on that occasion and at that time make out and deliver to said Peter Roy a check for the sum of $500. That I find that prior to the meeting of Peter Roy, John Ham, and G. P.

Harben on the occasion above referred to, the said John Ham, Peter Roy, and G. P. Harben met at the Mussman Hotel in Chamberlain, S. D., where they had a conversation about who stole the cattle that John Ham was charged with stealing. That the said John Ham was very anxious to find out what the said Peter Roy would swear to as to who stole the cattle that John Ham was charged with stealing. That said John Ham was tried and found guilty of stealing the cattle that he was charged with stealing. Conclusions of law: That I cannot find from the evidence that the said G. P. Harben is guilty of the charge made against him in count No. 13. I do find that the said G. P. Harben was guilty of improper conduct in meeting with the said Peter Roy and John Ham, both at Chamberlain and in his office. He well knew that Peter Roy was to be a witness for the state on the trial of John Ham, and it was, in my opinion, improper to be with Peter Roy for any purpose, especially to be with Peter Roy when John Ham was also present."

On the hearing of this proceeding, it was stipulated that the evidence of Peter Roy and the evidence of John Ham, who testified in the case of State v. Ham on the trial of that case in the circuit court, should be read from the reporter's transcript as the evidence of Peter Roy and John Ham in this proceeding. Peter Roy testified: That in January, 1907, during the week preceding the trial of State v. Ham he met the accused and John Ham at the Mussman Hotel in Chamberlain, S. D., where they had followed him, and where they had a conversation regarding his testimony to be given in the case of State v. Ham, wherein John Ham was charged with grand larceny in having stolen certain cattle. That they were trying to get some deal out of him. They wanted him to stand pat—give testimony that would clear John Ham. "On Monday night before the trial commenced I went to the office of G. P. Harben at Platte by preconcerted agreement. In Harben's office John Ham made out a check for $500 and placed it in Harben's hands to be paid to me if I stood pat and cleared him." On the trial of the case of State v. Ham, John Ham, the defendant, went on the witness stand in his own behalf

and denied that a check for $500 had been made out and so offered to Roy, but Ham admitted conversation with Roy on the subject of his testimony at the Mussman Hotel and at Harben's office on Monday night preceding the trial. Ham also then testified on his trial that there was a check for $150 made out and delivered to Harben for his services as his attorney at this meeting in Harben's office. It was stipulated into the record in this proceeding that Peter Roy was a subpœnaed witness for the state in the case of State v. John Ham pending in the circuit court in Charles Mix county, wherein John Ham was charged with stealing cattle; that the witness Peter Roy gave testimony that he ferried the stolen cattle across the Missouri river for John Ham. On this proceeding, John Ham, by deposition, testified: That he is now in the state penitentiary at Sioux Falls. That G. P. Harben, the accused, was one of his attorneys. That he was present at the office of Mr. Harben in Platte about January, 1907, when Peter Roy, G. P. Harben, and himself were present; that he drew up and signed a check for $500 and placed it in Harben's hands. That immediately before drawing the check Harben told him that "he had better draw that check we were talking about at Chamberlain." That Harben said to Roy, "There's $500 in this thing if you keep your mouth shut, or stand pat, and give in evidence that will help John out of this thing." That the check was drawn to give to Peter Roy to keep his mouth shut in that trial. That "Harben and I had a conversation at the Mussman Hotel in Chamberlain about 10 days previous. I was willing to do almost anything to get out. Harben said he didn't think there would be any doubt that he could fix Peter Roy for $500, and I told him I would give him $500 quick—for him to keep his mouth shut. Harben said we would all get together in his office in Platte on Monday night before the trial." The accused himself, testifying in his own behalf in this proceeding, denied that John Ham on the Monday night in question made out and gave to him a check for $500, or any other amount, to be given to Peter Roy to influence his testimony in the case of State v. Ham, or that the accused in any manner ever did anything to induce Peter Roy to give false testimony on the trial thereof.

We are of the opinion there is a clear preponderance of the evidence in favor of the truth of the allegations contained in count 13 of the petition. So far as the record discloses, Peter Roy was a disinterested witness and entirely worthy of credit. No motive exists at this time for John Ham to falsify. He is now reaping the punishment for his sin. It is true John Ham, at the time of his trial, denied the testimony of Peter Roy. He had a motive at that time in so doing. As he now says, he was then willing to do almost anything to get out. If there ever is a time when it is expected a man will falsify, it is when he is on trial facing a charge that may deprive him of his liberty and result in a term of imprisonment. The present testimony of John Ham, and the testimony of Peter Roy, given nearly four years ago, correspond and corroborate each other in the minutest particular. The accused now denies the testimony of Peter Roy and John Ham. He now occupies a very similar position to that occupied by John Ham when he too denied the testimony of Peter Roy, and was willing to do almost anything to get out. The interest of the accused in the result of the proceeding is always a matter proper to be taken into consideration in weighing the testimony and determining wherein lies the preponderance of the evidence. John Ham, as well as his counsel, the accused, well knew what Peter Roy could testify to in the case of State v. Ham. They well knew that Peter Roy, the ferryman, who ferried the stolen cattle across the river, was in possession of facts and knew things that would go a long ways toward convicting John Ham. Hence the necessity for "fixing" Peter Roy—for keeping his mouth shut. The bribing, corrupting, and tampering with witnesses of the opposite party, whether in a criminal or civil case, is about the most unprofessional conduct of which an attorney may be guilty. It is one of the most successful methods of obstructing and interfering with the administration of public justice, and one that strikes at the very foundation roots of the judicial system, and such practice should be condemned by all courts.

Judgment should be entered in this court disbarring the accused, G. P. Harben, from practice, and striking his name from the roll of attorneys in this state.

SMITH, J., took no part in this decision.